# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| KENNY KENNETH ALEXANDER, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:18-CV-00284-RWS-JDL |
| | § | |
| v. | § | |
| | § | |
| TODD PATRICK, MATTHEW LAND, CRYSTAL FLORES, STAFF OF DR. TODD'S OFFICE, WOODY WEAVER PHARMACY, JACKIE WEAVER, TAMMY WEDKING, LON LAMM AMADO, | § § § § § | |
| Defendants. | | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Plaintiff filed this case on June 19, 2018. Docket No. 1. On June 21, 2018, Plaintiff was ordered to amend his Complaint to address the deficiencies in his case, including the fact that he failed to provide addresses for all the Defendants and failed to plead facts to invoke federal jurisdiction. Docket No. 4. Plaintiff filed a Motion to Amend on July 10, 2018 (Docket No. 6) and the Magistrate Judge issued a Report and Recommendation on July 11, 2018 stating that Plaintiff had yet to address either issue. Docket No. 7.

On August 21, 2018, the United States Postal Service returned to the Clerk's office a copy of the Report and Recommendation (Docket No. 7) that was sent to Plaintiff, indicating the mail was unclaimed. Docket No. 11. On its own initiative, the Clerk's office found that Plaintiff appeared to have changed his address, without notifying the Court.[1] The Clerk then sent a copy

---

[1] Specifically, Plaintiff indicated a new return address on the envelope of his Motion to Amend. (Doc. No. 8.) Plaintiff also filed a Notice of Change of Address in other cases pending before this Court. *See Alexander v. Patrick et al.*, No. 6:18-00285-RWS-KNM, Doc. No. 9 (E.D. Tex. July 19, 2018); *Alexander v. Smith County Sheriff Office et al.*, No.

of the Report and Recommendation to Plaintiff's new address. According to the United States Postal Service, Plaintiff received a copy of the Report and Recommendation on August 24, 2018 via certified mail. Docket No. 12. Since that time, no objections to the Report and Recommendation have been presented for consideration within the prescribed time period for such objections.

The Court recognizes that after the Court issued a Report and Recommendation, but before Plaintiff received a copy of the Report, Plaintiff filed a Motion to Amend or Correct his Complaint on July 19, 2018 and a Motion to Amend the name and address of a defendant on July 23, 2018. Docket. Nos. 8, 9. Plaintiff's new Motion to Amend or Correct his Complaint reiterates the facts from his previous motions and Complaint—that Defendants lied about his prescription for hydrocodone leading to an arrest in Smith County. Docket Nos. 1, 6. Plaintiff requests the Court to hold Defendants liable for their actions and to grant Plaintiff compensation for his pain and suffering and mental anguish, as well as compensation for being misled, lied to, and lied about. Docket No. 8 at 5–7.

Throughout all of Plaintiff's filings, Plaintiff has yet to identify a basis for federal question or diversity jurisdiction.[2] *See* 28 U.S.C. § 1331. The Court recognizes that Plaintiff contends he has been wronged, and he is permitted to file a case in state court to argue his case under state law. However, this particular Court is of limited jurisdiction and Plaintiff has not pleaded a basis to bring his claims in federal court. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546,

---

6:18-cv-00286-RAS-KNM, Doc. No. 9 (E.D. Tex. July 19, 2018). Nevertheless, it remains the Plaintiff's obligation to keep the Court updated of his current address and file a notice with the Court in each pending case.

[2] The Court notes Plaintiff has also filed other actions before this Court with similar allegations where Plaintiff also failed to identify a basis for federal jurisdiction. *See Alexander v. Patrick et al.*, No. 6:17-00379-RWS-JDL (E.D. Tex. June 26, 2017) (voluntarily dismissed without prejudice); *Alexander v. Patrick et al.*, No. 6:18-00285-RWS-KNM (E.D. Tex. June 19, 2018) (dismissed with prejudice).

552 (2005). Because Plaintiff's allegations do not rise to a federal question or diversity jurisdiction, the Court agrees with the Magistrate Judge that Plaintiff's case should be dismissed.

Therefore, the Court **ADOPTS** in its entirety the findings of the Magistrate Judge (Docket No. 7) and **ORDERS** that the case be **DISMISSED WITH PREJUDICE**.

**SIGNED this 2nd day of October, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE